UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM ARROW WEINBERGER,<br><br>Defendant. | Case No. 3:18-cr-00026-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Adam Weinberger's Motion for Compassionate Release. Dkt. 36. The Government opposes the motion. Dkt. 37. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In May 2018, Weinberger entered a plea of guilty to the charge of possession with intent to distribute methamphetamine. On October 24, 2018, he was sentenced to 92 months in prison followed by 8 years supervised release. This sentence reflected a substantial departure from the guideline calculation of 140-175 months incarceration in this case. Weinberger was arrested after a confidential informant notified law enforcement that they had purchased methamphetamine

**MEMORANDUM DECISION AND ORDER - 1**

from the Weinberger. Subsequent investigation revealed that, in addition to trafficking in methamphetamine, Weinberger was distributing large amounts of heroin. At the time of his arrest, Weinberger was in possession of 290 grams of methamphetamine.

Weinberger's projected release date is June 24, 2023. He is currently incarcerated at Lompoc FCI, which has 0 inmates and 2 staff with active COVID-19 infections. https://www.bop.gov/coronavirus (last accessed November 12, 2021).

Weinberger is 60 years old and suffers from chronic kidney disease, hypertension and prediabetes, which put him at greater risk of severe complications from COVID-19. His medication conditions appear to be well-controlled at this time. Weinberger contracted COVID-19 in May 2020, but he has now recovered and his medical records do not show any lingering symptoms.

## LEGAL STANDARD

Weinberger seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id*. Then the Court may grant compassionate release only if the defendant

MEMORANDUM DECISION AND ORDER - 2

shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Weinberger requested compassionate release from the Warden of his facility, which was denied on October 21, 2020. Therefore, his motion is ripe for consideration.

Weinberger has not established extraordinary and compelling reasons for release. Although he has chronic kidney disease and hypertension, which increase the risk he would get severely ill if he contracted COVID-19, Weinberger declined the COVID-19 vaccination when offered by the Bureau of Prisons. His refusal to take preventative measures and practice self-care is at odds with his assertion that the risk of infection is an extraordinary and compelling reason justifying release.

The § 3553(a) factors also do not warrant a reduction of Weinberger's sentence. The nature and circumstances of Weinberger's offense are serious and

support the sentence imposed in this case. Weinberger was identified as a large-scale distributor of methamphetamine and was observed to possess as much as five pounds of methamphetamine while under investigation. He sold one pound of methamphetamine to a confidential source and was in possession of more than one-half pound at the time of his arrest.

Weinberger's criminal history also weighs against granting compassionate release. His extensive criminal history includes drug crimes, drug trafficking, and a number of violent crimes. Nothing in Weinberger's post-sentence conduct has significantly altered the § 3553(a) analysis, and a reduction of his sentence is not warranted based on these factors. Accordingly, the Court will deny Weinberger's motion for compassionate release.

## ORDER

**IT IS ORDERED** that Adam Weinberger's Motion for Compassionate Release (Dkt. 36) is DENIED.

DATED: November 22, 2021

B. Lynn Winmill
U.S. District Court Judge